UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE PRICE,<br><br>    Petitioner,<br><br>    vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. CV 14-5759-RGK (JPR)<br><br>ORDER TO SHOW CAUSE |

On July 24, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his May 2014 conviction for second-degree murder, for which he has not yet been sentenced. (Pet. at 2.)

As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm. See Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Fort Belknap Indian Cmty. v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues). "[O]nly in the most unusual circumstances is a defendant entitled

to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

Younger abstention is appropriate if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the federal constitutional claims. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Ninth Circuit has articulated a fourth criterion: that the federal action would "enjoin" the state proceeding "or have the practical effect of doing so." Potrero Hills Landfill, Inc. v. Cnty. of Solano, 657 F.3d 876, 882 (9th Cir. 2011) (internal quotation marks omitted).

Here, all criteria for abstention appear to be satisfied. Petitioner has not yet been sentenced, much less had his appeal. Criminal proceedings necessarily implicate important state interests. See Younger, 401 U.S. at 43-45. The Court has no basis for believing that the state proceedings will not provide an adequate opportunity for petitioner to litigate his claims. Although he asserts that the state trial judge has refused to provide him with requested transcripts (Pet. at 5), he has not supplied any factual context explaining exactly what he asked for or what reasons the trial judge gave for apparently refusing his request. In any event, he has not explained why any error by the trial judge could not be corrected on appeal by the state appellate court. Finally, any federal action would certainly

have the practical effect of enjoining the state proceedings, in that the appellate process there has yet to even begin.

A federal court may properly intervene when a petitioner makes a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435. Petitioner has provided no evidence of bad faith or harassment other than his conclusory allegation concerning the trial transcripts, which is insufficient to warrant the serious step of federal intervention. Though the list of possible extraordinary circumstances justifying intervention has not been fully articulated, see Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003), the circumstances must create a "pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation," Kugler v. Helfant, 421 U.S. 117, 125 (1975).

Here, Petitioner has not explained why he is in immediate need of federal equitable relief, nor has he pointed to any extraordinary circumstance warranting intervention. His asserted claims – due process violations, ineffective assistance of counsel, prosecutorial misconduct – are the standard sorts of claims made daily by habeas petitioners across the country.

IT THEREFORE IS ORDERED that within 14 days of the date of this Order, Petitioner show cause in writing, if he has any, why the Court should not deny the Petition without prejudice and dismiss this action under Younger. Petitioner is warned that his failure to timely and satisfactorily respond to this Order may

1  result in his Petition being dismissed for the reasons stated
2  above and for failure to prosecute.

DATED: August 4, 2014         _____
                              JEAN ROSENBLUTH
                              U.S. MAGISTRATE JUDGE